STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF MARQUETTE

JOAN GREEN,

    Plaintiff,

v

BIOLIFE PLASMA SERVICES, L.P.,

    Defendant.

048512

File No: 10-    -NF

Hon. Thomas L. Solka

FILED & ENTERED
25th CIRCUIT COURT

NOV 0 2 2010

Marquette County Clerk

Petrucelli & Waara, P.C.
Attorneys for Plaintiff
By: Jonny L. Waara (P55525)
328 W. Genesee St., P.O. Box AA
Iron River, Michigan 49935
Telephone: (906) 265-6173

### Complaint And Jury Demand

Comes now the plaintiff, Joan Green, by and through her attorneys, Petrucelli & Waara, P.C., and for her complaint, states:

### Parties, Jurisdiction, And Venue

1. The plaintiff, Joan Green, reside at 2020 West Ridge Street, Marquette, Marquette County, Michigan 49855.

2.   The defendant, BioLife Plasma Services, L.P., is a foreign limited partnership authorized to conduct business in the State of Michigan. Its corporate headquarters is located 12th Floor Packard Building, 15th and Chestnut Street, Philadelphia, Pennsylvania 19102.

3.   The incident giving rise to this action occurred in whole or in part in Marquette County, Michigan.

4.   The amount in controversy exceeds the jurisdictional amount of twenty-five thousand and no/100 dollars ($25,000.00), exclusive of interest and costs.

### Statement Of The Claim

5.   The plaintiff repeats and realleges paragraphs 1 through 4 as if fully set forth herein.

6.   On 9 May, 2009, plaintiff Joan Green went to give plasma at defendant BioLife Plasma Services' Marquette facility.

7.   During the procedure, the needle slipped out of Ms. Green's left arm. She was then told by the technician that the needle would not be

2

reinserted and that the red blood cells would not recirculated back into her circulatory system.

8. Shortly thereafter, Ms. Green was given a bottle of water and instructed that when she finished the water, she could leave.

9. Upon information and belief, the technician in charge of Ms. Green's plasma procedure made no attempts to call a registered nurse or any other healthcare provider to evaluate Ms. Green. In addition, no vital signs were taken, and she was given no instructions regarding driving or other precautions which she should have taken.

10. After leaving BioLife, Ms. Green went directly to a grocery store in Marquette, Michigan. At the check-out, she started feeling sick and dizzy and fell, striking the left side of her chin and temple on the counter. She was able to climb back up, but then lost consciousness and fell straight back onto her back and hit her head. EMS ultimately arrived and evaluated Ms. Green. EMS personnel recommended transport to the emergency room. However, because Ms. Green had lost bowel control when she passed out, she refused transport to the hospital and instead was driven home by a friend. Ms. Green was unable to stand up for the entire day due to dizziness.

3

11. As a result of the fall, Ms. Green sustained injuries to her head, neck, and cervical spine. She experienced blurred vision, pain, headaches, and low back pain.

12. Currently, Ms. Green experiences left arm paresthesia and pain, headaches, and low back pain. She has undergone physical therapy, numerous diagnostic testing, brain scans, MRIs, CT scans, as well as an EMG. She has been told that neck surgery is an option.

## Count I
## (Negligence)

13. The plaintiff repeats and realleges paragraphs 1 through 12 as if fully set forth herein.

14. On 9 May, 2009, defendant BioLife, through its employees, agents and/or independent contractors had a duty to exercise ordinary care for the safety of Joan Green. Defendant BioLIfe through its agents, employees and/or independent contractors breached this duty in the following ways:

(a) Failing to properly perform the plasma procedure by allowing the needle to slip out during the procedure;

4

(b)  Failing to have appropriate protocols in place for when a needle slips out during the plasma process;

(c)  Failing to have appropriate staff on duty, such as a registered nurse, to evaluate Ms. Green prior to her leaving;

(d)  Failing to adequately provide Ms. Green with instructions upon leaving BioLife;

(e)  Failing to warn Ms. Green about the potential of dizziness and/or losing consciousness due to the fact she was not replenished with her own red blood cells;

(f)  Failing to exercise ordinary care under the circumstances.

15.  As a direct and proximately result of the defendant's negligence, Ms. Green suffered the following damages;

(a)  Past present and future pain, suffering, mental and emotional anguish, as well as limitations and restrictions;

(b)  Loss of services;

(c)  Loss of income and/or impaired earning capacity;

5

(d) Past, present and future medical expenses.

Wherefore, plaintiff Joan Green, requests that judgment be entered on her behalf and against defendant BioLife Plasma Services, in an amount in excess of twenty-five thousand and no/100 dollars ($25,000.00), together with interest, costs, and attorney fees as allowed by law.

Dated: November 2, 2010

Petrucelli & Waara, P.C.
Attorneys for Plaintiff

By: _____
Jonny L. Waara (P55525)
328 W. Genesee St., P.O. Box AA
Iron River, Michigan 49935
Telephone: (906) 265-6173

### Jury Demand

The plaintiff hereby demands trial by jury of all issues so triable.

Dated: November 2, 2010

Petrucelli & Waara, P.C.
Attorneys for Plaintiff

By: _____
Jonny L. Waara (P55525)
328 W. Genesee St., P.O. Box AA
Iron River, Michigan 49935
Telephone: (906) 265-6173