UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOAN GREEN,

    Plaintiff,

v

BIOLIFE PLASMA SERVICES, L.P.,

    Defendant.

_____/

Hon. Gordon J. Quist

File No. 2:10-cv-328

| | |
|---|---|
| Jonny L. Waara (P55525)<br>Petrucelli & Waara, P.C.<br>Attorney for Plaintiff<br>P.O. Box AA<br>Iron River, MI 49935<br>Telephone: (906) 265-6173<br>jwaara@truthfinders.com | W. John Stenton (P33467)<br>Garan Lucow Miller, P.C.<br>Attorney for Defendant<br>1440 West Ridge Street<br>Marquette, Michigan 49855<br>Telephone: (906) 226-2524<br>jstenton@garanlucow.com |

## DEFENDANT BIOLIFE PLASMA SERVICES, L.P.'S
## ANSWER, AFFIRMATIVE DEFENSES AND
## RELIANCE UPON JURY DEMAND

Now comes Defendant BioLife Plasma Services, L.P. by and through its attorneys Garan Lucow Miller, P.C. and in answer to plaintiff's Complaint states the following:

1.     That in answer to paragraph 1 of plaintiff's complaint, this defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of said allegations and leaves plaintiff to her proofs thereon.

2.     That in answer to paragraph 2 of plaintiff's complaint, this defendant states that it is not a corporation. This defendant admits that its offices are located in Philadelphia, Pennsylvania.

3.     That in answer to paragraph 3 of plaintiff's complaint, this defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of said allegations and leaves plaintiff to her proofs thereon.

4. That in answer to paragraph 4 of plaintiff's complaint, this defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of said allegations and leaves plaintiff to her proofs thereon.

And this defendant not admitting that any matter, cause or thing in plaintiff's complaint paragraphs 1 through 4 contained and not herein fully answered is true, denies that plaintiff is entitled to any judgment against it by reason of anything in said complaint paragraphs 1 through 4 contained.

Wherefore, this defendant prays that the plaintiff recover nothing and that this defendant be awarded it costs.

5. That in answer to paragraph 5 of plaintiff's complaint, this defendant hereby realleges and incorporates by reference each and every answer to paragraphs 1 through 4 of plaintiff's complaint as though fully set forth herein.

6. That in answer to paragraph 6 of plaintiff's complaint, this defendant admits the allegations contained therein.

7. That in answer to paragraph 7 of plaintiff's complaint, this defendant states that the description of the incident in question is inaccurate. This defendant admits that the plasma donation procedure was interrupted. At that time, the procedure was stopped. As to any remaining allegations contained in said paragraph 7 of plaintiff's complaint, this defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of said allegations and leaves plaintiff to her proofs thereon.

8. That in answer to paragraph 8 of plaintiff's complaint, this defendant states that after the plasma donation procedure was stopped, Ms. Green went to a waiting area and was given a bottle of water. The plaintiff sat down and consumed the water and made no report of any problem. As to any remaining allegations contained in paragraph 8 of plaintiff's

complaint, this defendant states that it lacks knowledge or information to form a belief as to the truth of said allegations and leaves plaintiff to her proofs thereon.

9. That in answer to paragraph 9 of plaintiff's complaint, this defendant asserts that an RN was present in the donor area during the relevant time period and the plaintiff made no complaint of any medical problem. The plaintiff signed a consent form when she elected to donate plasma and a copy of that executed consent form is attached hereto and incorporated by reference herein as Exhibit "A". As to any remaining allegations contained in said paragraph 9 of plaintiff's complaint, this defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of said allegations and leaves plaintiff to her proofs thereon.

10. That in answer to paragraph 10 of plaintiff's complaint, this defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of said allegations and leaves plaintiff to her proofs thereon.

11. That in answer to paragraph 11 of plaintiff's complaint, this defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of said allegations and leaves plaintiff to her proofs thereon.

12. That in answer to paragraph 12 of plaintiff's complaint, this defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of said allegations and leaves plaintiff to her proofs thereon.

And this defendant not admitting that any matter, cause or thing in plaintiff's complaint paragraphs 1 through 12 contained and not herein fully answered is true, denies that plaintiff is entitled to any judgment against it by reason of anything in said complaint paragraphs 1 through 12 contained.

Wherefore, this defendant prays that the plaintiff recover nothing and that this defendant be awarded it costs.

**Count I**

13. That in answer to paragraph 13 of plaintiff's complaint, this defendant hereby realleges and incorporates by reference each and every answer to paragraphs 1 through 12 of plaintiff's complaint as though fully set forth herein.

14. That in answer to paragraph 14 of plaintiff's complaint, this defendant admits that when performing plasma donor procedures, it would have a duty to exercise ordinary care for the safety of donors. In further answer to paragraph 14 of plaintiff's complaint, this defendant denies any negligence or breach of duty and expressly denies the allegations contained in subparagraphs 14(a) through and including 14(f) of plaintiff's complaint for the reason that said allegations are untrue and unfounded.

15. That in answer to paragraph 15 of plaintiff's complaint, this defendant denies any negligence or breach of duty and further denies that it proximately caused the injuries allegedly suffered by the plaintiff. As to any remaining allegations contained in paragraph 15 including subparagraphs 15(a) through and including 15(d), this defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of said allegations and leaves plaintiff to her proofs thereon.

And this defendant not admitting that any matter, cause or thing in plaintiff's complaint paragraphs 1 through 15 contained and not herein fully answered is true, denies that plaintiff is entitled to any judgment against it by reason of anything in said complaint paragraphs 1 through 15 contained.

Wherefore, this defendant prays that the plaintiff recover nothing and that this defendant be awarded its costs.

|                              | **GARAN LUCOW MILLER, P.C.** |
|------------------------------|------------------------------|
|                              | Attorneys for Defendant       |
|                              |                              |
|                              | _____/s/_____ |
| Date: December 16, 2010      | **W. John Stenton (P33467)** |
|                              | 1440 West Ridge Street       |
|                              | Marquette, Michigan 49855    |
|                              | (906) 226-2524               |
|                              | jstenton@garanlucow.com      |

**Affirmative Defenses**

Further answering plaintiff's complaint by way of affirmative defenses, this defendant states the following:

1. That all or part of plaintiff's complaint fails to state a claim upon which relief can be granted.

2. That the doctrine of comparative negligence applies herein.

3. That the plaintiff's claim is barred or limited pursuant to the provisions of the Michigan Tort Reform Statute, MCL 600.2959, and if the plaintiff was more than 50% at fault she may not recover noneconomic damages.

4. This defendant reserves the right to file notices of fault of responsible non-parties who may be responsible for all or part of the damages complained of herein.

5. The plaintiff signed a voluntary consent agreement which explained the plasma donation procedure and advised the plaintiff of any possible side effects of the procedure. A copy of the consent agreement executed by the plaintiff is attached to defendant's answer and marked as Exhibit "A".

6. This defendant specifically claims the statutory set off of all collateral sources received by the plaintiff and relies upon all other provisions provided by MCL 600.6303.

7. This defendant reserves the right to file third party actions and/or cross claims for contractual indemnity against any entity that may be responsible for all or part of the injuries complained of herein.

8. This defendant asserts as an affirmative defense that if plaintiff sustained any injury or incurred any damage, that any alleged injury or damages were caused in whole or in part by the acts or omissions of persons other than this defendant, over whom this defendant had no control, or by supervening/intervening causal forces outside of this defendant's control.

9. This defendant asserts that the plasma donor procedures and protocols utilized by it were administered pursuant to the generally recognized and prevailing standards in existence at the time that said services were provided.

10. This defendant asserts that it complied with any and all federal and state laws, rules, and regulations.

11. The doctrine of mitigation of damages applies herein.

12. This defendant asserts that the plaintiff's alleged injuries or losses were sustained only after plaintiff knowingly and voluntarily assumed any alleged risk inherent in the plasma donor procedure.

13. This defendant relies upon the terms and provisions of the express written consent executed by the plaintiff herein.

14. This defendant relies upon MCL 600.2948(2).

15. That this defendant reserves the right to amend its answer and affirmative defenses, based upon further investigation, research and/or discovery.

**GARAN LUCOW MILLER, P.C.**
Attorneys for Defendant

Date: December 16, 2010        _____/s/_____
**W. John Stenton (P33467)**
1440 West Ridge Street
Marquette, Michigan 49855
(906) 226-2524
jstenton@garanlucow.com

### Reliance Upon Jury Demand

NOW COMES Defendant BioLife Plasma Services, L.P., by and through its attorneys Garan Lucow Miller, P.C. and hereby relies upon the demand for a jury trial filed in the above-entitled matter.

**GARAN LUCOW MILLER, P.C.**
Attorneys for Defendant

Date: December 16, 2010        _____/s/_____
**W. John Stenton (P33467)**
1440 West Ridge Street
Marquette, Michigan 49855
(906) 226-2524